ORIGINAL

**FILED**

SEP 2 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### In the U.S. District Court of the District of Columbia
333 Constitution Avenue, Washington, D.C. 20001

No. _____

Case: 1:07-cv-01726
Assigned To : Collyer, Rosemary M.
Assign. Date : 9/26/2007
Description: Employ. Discrim.

| | |
|---|---|
| **DON HAMRICK**, *pro se*<br>5860 Wilburn Road<br>Wilburn, AR 72179<br>*PLAINTIFF*<br>v.<br><br>**DR. RICHARD S. HOFFMAN, MD**<br>Internal Medicine Specialists<br>142 W York St # 518<br>Norfolk, VA 23510<br><br>**CROWLEY MARITIME CORP.**<br>9487 Regency Square Blvd.<br>Jacksonville, FL 32225<br><br>**SEAFARERS INTERNATIONAL UNION (SIU)**<br>5201 Auth Way<br>Camp Springs, MD 20746<br>*DEFENDANTS* | •Service by U.S. Marshals Service<br>In Accordance with Rule 4(c)(2).<br>•Filing Fee Exempt under<br><br>**29 U.S.C. § 185**<br>29 U.S.C. § 158(a)(1)<br>29 U.S.C. § 187(a) & (b)<br><br>**SEAMEN'S SUIT 28 U.S.C. § 1916**<br>Plaintiff is a Seaman<br><br>**DAMAGES: $70,000.**<br><br>**JURY TRIAL DEMANDED** |

JURY ACTION

<u>*DO NOT ASSIGN TO JUDGES ELLEN SEGAL HUVELLE, REGGIE WALTON, OR RICHARD LEON*</u>

## COMPLAINT
## FOR MEDICAL MALPRACTICE & FRAUD
## AGAINST DR. RICHARD S. HOFFMAN, MD

## COMPLAINT
## FOR BREACH OF CONTRACT
## AND WRONGFUL TERMINATION AGAINST
## CROWLEY MARITIME CORP.

## COMPLAINT
## FOR BREACH OF FAIR REPRESENTATION DUTY
## AGAINST SEAFARERS INTERNATIONAL UNION



1



## JURISDICTION

**28 U.S.C. § 1331 Federal Question:**

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

**29 U.S.C. § 185(c) Suits ~~By and~~ AGAINST Labor Organizations: Jurisdiction**

For the purposes of actions and proceedings by or against labor organizations in the district courts of the United States, district courts shall be deemed to have jurisdiction of a labor organization

> (1) in the district in which such organization maintains its principal office, or
>
> (2) in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members.

**29 U.S.C. § 157. Right of employees as to organization, collective bargaining, etc.**

Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, and shall also have the right to refrain from any or all of such activities except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment as authorized in section 158 (a)(3) of this title.

**29 U.S.C. § 158(a) Unfair Labor Practices by Employer**

It shall be an unfair labor practice for an employer—

> (1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 157 of this title;

# VENUE

U.S. District Court for the District of Columbia

**28 U.S.C. § 1391(c) Venue Generally**

For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

**29 U.S.C. § 185(a) Suits ~~By and~~ AGAINST Labor Organizations: Venue, amount, and citizenship**

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

# CROWLEY SERVICES IN THE UNITED STATES

Venue rests with the U.S. District Court for the District of Columbia because Crowley has services in the District of Columbia in jurisdictional commonality with the Dr. Hoffman, Internal Medicine Specialist in Norfolk, Virginia through Dr. Kenneth B. Miller, medical director for the Seafarers Health and Benefits Plan of the Seafarers International Union in Camp Springs, Maryland.

| State | City | Services | Address | Telephone | Fax |
|---|---|---|---|---|---|
| ALABAMA | Mobile | -Liner Services | P.O. Box 2108<br>Mobile, AL 36652 | (334) 433-3350 | (334) 432-1340, |
|  |  |  |  |  | (800) 231-3225 |
|  |  |  | c/o CSX Services<br>End of Industrial Canal Road E.<br>Mobile, AL 36603 |  |  |
| ALASKA | Anchorage | -Ship Assist & Escort<br>-Ocean Towing and Transportation<br>-Fuel Sales & Distribution | 7941 Sandlewood Place<br>Anchorage, AK 99507 | (907) 777-5440 | (907) 777-5450 |
|  |  | -Petro/Chemical Transportation<br>-Fuel Sales & Distribution | 201 Arctic Slope Ave<br>Anchorage, AK 99518 | (907) 777-5505 | (907) 777-5550 |
|  | Aniak | -Fuel Sales & Distribution | P.O. Box 249<br>Aniak, AK 99557 | (907) 675-4525 | (907) 675-4267 |
|  | Bethel | -Fuel Sales & Distribution | 380 Standard Oil Rd.<br>Bethel, AK 99559 | (907) 543-2421 | (907) 543-2190 |
|  | Delta Junction | -Fuel Sales & Distribution | Delta Fuel Company<br>Mile 267 Richardson Hwy<br>(2255 Richardson Hwy)<br>P.O. Box 807<br>Delta Junction, AK 99737 | (907) 895-4515 | (907) 895-1009 |
|  | Fairbanks | -Fuel Sales & Distribution | Interior Fuels Company<br>170 E Van Horn Rd<br>Fairbanks, AK 99701 | (907) 456-1312 |  |
|  | Fort Yukon | -Fuel Sales & Distribution | P.O. Box 89<br>Fort Yukon, AK 99740 | (907) 662-2408 | (907) 662-2646 |
|  | Galena | -Fuel Sales & Distribution | P.O. Box 348<br>Galena, AK 99741 | (907) 656-1852 | (907) 656-1853 |
|  | Glennallen | -Fuel Sales & Distribution | Mi. 188.5 Glenn Hwy<br>Glennallen, AK 99588 | (907) 822-3375 |  |
|  | Hooper Bay | -Fuel Sales & Distribution | P.O. Box 174<br>Hooper Bay, AK 99604 | (907) 758-4007 | (907) 758-4007 |
|  | Iliamna | -Fuel Sales & Distribution | P.O. Box 158<br>Iliamna, AK 99606 | (907) 571-1278 | (907) 571-1453 |
|  | Kenai | -Fuel Sales & Distribution | 340 Airport Way, #1<br>Kenai, AK 99611 | Tel: (907) 283-4542 |  |
|  |  |  | Kenia Service Station<br>403 North Willow Street<br>Kenai, AK 99611 |  |  |
|  | Kotzebue | -Fuel Sales & Distribution | 940 Third St.<br>P.O. Box 261<br>Kotzebue, AK 99752 | (907) 442-3211 | (907) 442-3627 |
|  | McGrath | -Fuel Sales & Distribution | P.O. Box 73<br>McGrath, AK 99627 | (907) 524-3019 | (907) 524-3027 |
|  | Naknek | -Fuel Sales & Distribution | 1 Tibbetts Field<br>Box 124<br>Naknek, AK 99633 | (907) 246-4421 | (907) 246-8242 |

| | Location | Services | Address | Phone | Fax |
|---|---|---|---|---|---|
| | Nenana | -Fuel Sales & Distribution | P.O. Box 220<br>Nenana, AK 99760 | (907) 832-5505 | (907) 832-5282 |
| | Nome | -Fuel Sales & Distribution | 701 Lomen Ave<br>P.O. Box 700<br>Nome, AK 99762 | (907) 443-2219 | (907) 443-2012 |
| | Palmer | -Fuel Sales & Distribution | 523 S Valley Way<br>Palmer, AK 99645 | (907) 745-3776 | |
| | Parks Highway | -Fuel Sales & Distribution | Parks Hwy Kwik Kard<br>Mile 48 Parks Hwy<br>Wasilla, AK 99687 | (907) 376-3776 | |
| | Point Barrow | -Energy Support<br>-Ocean Towing & Transportation | Point Barrow, AK 99723<br>*Office is only open<br>for 6 weeks during season | (907) 852-8911 | |
| | Prudhoe Bay | -Energy Support<br>-Ocean Towing & Transportation | West Dock (June-September)<br>7941 Sandlewood Place<br>Anchorage, AK 99507 | (907) 670-5001 | (907) 670-5050 |
| | Prudhoe Bay | -Energy Support<br>-Ocean Towing & Transportation<br>-CATCO(Crowley All-Terrain Transportation) | 7941 Sandlewood Place<br>Anchorage, AK 99507 | (907) 659-2414 (Office)<br><br>(907) 659-2526 (Shop) | (907) 659-2607 |
| | St. Mary's | -Fuel Sales & Distribution | P.O. Box 174<br>Saint Mary's, AK 99658 | (907) 438-2595 | (907) 438-2594 |
| | St. Michael | -Fuel Sales & Distribution | St. Michael, AK 99659 | (907) 923-3271 | |
| | Talkeetna | -Fuel Sales & Distribution | Mile 10.4<br>Talkeetna Spur Rd<br>Talkeetna, AK 99676 | (907) 733-2620 | (907) 733-2276 |
| | Valdez | -Ship Assist & Escort<br>-Salvage and Emergency Response | P.O. Box 156<br>254 Fidalgo<br>Valdez, AK 99686 | (907) 835-8807 | (907) 835-2258 |
| | | -Fuel Sales & Distribution | Valdez Fuel Company<br>5671 Airport Rd<br>(Airport Rd and Richardson Highway)<br>P.O. Box 767<br>Valdez, AK 99686 | (907) 835-4558 | (907) 835-3718 |
| | Wasilla | -Fuel Sales & Distribution | Wasilla Kwik Kard<br>Mile .5 Palmer-Wasilla Hwy.<br>Wasilla, AK 99687<br><br>Wasilla Airport Kwik Kard<br>Wasilla Airport<br>Wasilla, AK 99687 | (907) 376-1100 | |
| CALIFORNIA | Long Beach | -Petroleum & Chemical Transportation | Pier D, Berth D48<br>Long Beach, CA 90802 | (562) 491-4750 | (562) 491-4790 |
| | Inglewood | Apparel Services | 9800 La Cienege Blvd<br>Suite 301<br>Inglewood, CA 90301 | 310-348-3700 | |
| | San Francisco | -Ship Management | Pier 50<br>C/O Westar Marine Services<br>San Francisco, CA 94107 | (415) 284-0488 | (415) 284-0797 |
| | San Pedro | -Ship Assist & Escort<br>-Petroleum / Chemical Transportation<br>-Salvage and Emergency Response | Berth 86<br>300 S.Harbor Blvd.<br>San Pedro, CA 90731 | (310) 732-6500,<br><br>(800) 900-TUGS | (310) 732-6590 |
| | Oakland | -Corporate Administration | 555 12th Street<br>Suite 2130<br>Oakland, CA 94607 | (510) 251-7500 | (510) 251-7510 |

| State | City | Services | Address | Phone | Other |
|---|---|---|---|---|---|
| | Richmond | -Petroleum/ Chemical Transport -Ocean Towing & Transportation | 1333 Canal St Richmond, CA 94804 | (510) 215-3662 | (510) 215-4981 |
| DISTRICT OF COLUMBIA | Washington, D.C. | -Government | Government Business Development 2121 Eisenhower Avenue Suite 200 Alexandria, VA 22314 | (703) 684-1585 | (703) 684-1721 |
| FLORIDA | Dania | -Salvage and Emergency Response (Titan) | 410 S.W. 4th Terrace Dania, FL 33004 | (954)929-5200 (24 Hours) | (954) 929-0102 |
| | Jacksonville | -Liner Services -Logistics -Ocean Towing and Transportation -Energy Support -Salvage and Emergency Response -Project Management **-Ship Management** -Vessel Construction, Naval Architecture & Marine Engineering -Administrative Support | **9487 Regency Square Boulevard Jacksonville, FL 32225** | 800-CROWLEY (Toll Free) (904) 727-2200 | (904) 727-2501 (Telex) 4611037 (CMC JAX) (904) 805-1641 (904) 693-2826 |
| | Jacksonville | Jacksonville Distribution Center Crowley Logistics, Inc. | 1420 Vantage Way, Unit 106 Jacksonville, Florida 32218 | (904) 741-4841 | (904) 741-4118 |
| | Miami | -Liner Services | 9950 N.W. 17th Street Miami, Florida 33172 | (305) 470-4000 (305) 470-4355 (Sales) | (305) 470-4291 / 4292 (Documentation) (305) 470-4355 (Sales) |
| | Miami | Logistics | 9950 N.W. 17th Street Doral, Florida 33172 | (305)463-4800 | (305) 463-4860(logistics) (305) 463-4861(apparel) |
| | Port Everglades | -Liner Services | 4300 McIntosh Road Ft. Lauderdale, FL 33316 | (954) 760-7900 | (305) 470-4005 (Telex) 6731426 (Marine Ops) |
| GEORGIA | Atlanta | -Liner Services - Latin America & Dominican Republic | 3675 Crestwood Parkway Suite 110 Duluth, GA 30096 | (770) 935-6020 | (770) 935-6021 |
| | Atlanta | -Liner Services - Puerto Rico/Caribbean Islands | 3675 Crestwood Parkway Suite 110 Duluth, GA 30096 | (800) 276-9539 | (770) 935-6021 |
| | Atlanta | -Logistics | 3675 Crestwood Parkway Suite 110 Duluth, GA 30096 | (770) 935-6025 | (770) 935-6021 |
| ILLINOIS | Elgin | -Liner Services | 2250 Point Boulevard Suite 340 Elgin, Illinois 60123 | (847) 836-5650 | (847) 551-9410 |
| LOUISIANA | New Orleans | -Liner Services | 3300 W. Esplanade Avenue South Suite 605 Metairie, LA 70002 | (504) 831-8252 | (504) 246-8702 (504) 246-8655 |
| MARYLAND | Baltimore | -Ship Management | 6120 Holabird Ave Baltimore, MD 21224 | (410) 633-6100 | (410) 633-8839 |
| MISSISSIPPI | Gulfport | -Liner Services | MSPCT West Pier Gulfport, MS 39501 | (228) 865-4340 (228) 865-4348 | (228) 822-1240 |

| | | | | | |
|---|---|---|---|---|---|
| **NEW JERSEY** | Pennsauken | -Liner Services | 36th Street & Delaware River Petty's Island P.O. Box 197 Pennsauken, NJ 08110 | (856) 966-5800 | (856) 966-5855/5893 |
| **SOUTH CAROLINA** | North Charleston | -Ship Management | 2075 Thompson Ave North Charleston, SC 29405 | (843) 747-8128 | (843) 747-8127 |
| **TEXAS** | Houston | -Energy Support -Logistics -Ocean Towing & Transportation -Salvage and Emergency Response -Petroleum/ Chemical Transportation | 16701 Greenspoint Park Drive Suite 195 Houston, TX 77060 | (281) 774-5400 (800) 231-0272 | (281) 774-5497 |
| **WASHINGTON** | Seattle | -Ship Assist & Escort -Salvage & Emergency -Energy Support -Ocean Towing & Transportation -Petroleum/ Chemical Transportation -Fuel Sales & Distribution -Project Management -Vessel Construction, Naval Architecture & Marine Engineering | 1102 S.W. Massachusetts St. Seattle, WA 98134 | (206) 332-8000 (800) 248-8632 | (206) 332-8300 |

# Rule 11 Representations to the Court.

By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

7

# 28 U.S.C. § 1963
# REGISTRATION OF JUDGMENTS
# FOR ENFORCEMENT IN OTHER DISTRICTS

*Hamrick v. George*, US District Court for the Western District of NC, Charlotte Division, Case No. 03-cv-0344-W, ORDER, November 9, 2006. Judge Frank D. Whitney:

> "If Plaintiff elects to exercise his appeal rights, **the Court finds that 28 U.S.C. § 1916 waives the requirement of prepayment of docket fees or furnishing security therefor**, and the Clerk of Court is so instructed."

## RELATED ACTIVE CASES:
### ALL BASED ON SEAMEN'S RIGHTS
### IN THE ABSENCE OF UNION INVOLVEMENT

*Hamrick, pro se v. United Nations, United States*, U.S. District Court for DC, No. 07-1616

*Hamrick, pro se v. President Bush*, 8th Circuit, Case No. 07-2400 (Dismissed for lack of prosecution: translated – Plaintiff/Appellant refused to bay the filing fee because he was entitled to the Seamen's Suit Exemption under 28 U.S.C. § 1916.

International Commission on Human Rights, Washington, DC, No. 1142-06.

## RELATED CASES UNLAWFULLY DISMISSED/CLOSED:
### ALL BASED ON SEAMEN'S RIGHTS
### IN THE ABSENCE OF UNION INVOLVEMENT

U.S. District Court/DC, No. 02-1434 **(OBEYED 28 U.S.C. § 1916)**
U.S. District Court/DC, No. 02-1435 **(OBEYED 28 U.S.C. § 1916)**
U.S. District Court/DC, No. 03-2160 **(OBEYED 28 U.S.C. § 1916)**
U.S. District Court/DC, No. 04-0422 **(OBEYED 28 U.S.C. § 1916)**
U.S. District Court/DC, No. 04-2040 **(OBEYED 28 U.S.C. § 1916)**
U.S. District Court/DC, No. 05-1993 **(OBEYED 28 U.S.C. § 1916)**
U.S. District Court/Charlotte, NC), No. 04-0065 **(OBEYED 28 U.S.C. § 1916)**
U.S. District Court/Charlotte, NC), No. 04-0344 **(OBEYED 28 U.S.C. § 1916)**
DC Circuit, No. 02-5334 **(VIOLATED THE LAW)**
DC Circuit, No. 04-5316 **(VIOLATED THE LAW)**
DC Circuit, No. 05-5414 **(VIOLATED THE LAW)**
DC Circuit, No. 05-5429 **(VIOLATED THE LAW)**
U.S. District Court/Little Rock, No. 06-0044. **(VIOLATED THE LAW)**
U.S. Supreme Court, Nos. 03-145 **(VIOLATED THE LAW)**
U.S. Supreme Court, Nos. 04-1150 **(VIOLATED THE LAW)**
U.S. Supreme Court, Nos. 04M56 **(VIOLATED THE LAW)**

## Damages

As a general rule, the objective of contract damages is to insure that the aggrieved or injured party should receive what he or she expected from the bargain. To the extent that an award of money can do so, the aggrieved party should be placed in the same position as though the contract had been fully performed. This is what is known as protecting the expectation interest of the parties. (Rest.2d §344(a); UCC 1-106.)

(1) **Compensatory Damages** - money to reimburse you for costs to compensate for your loss.

(2) **Consequential and Incidental Damages** - money for losses caused by the breach that were foreseeable. Foreseeable damages means that each side reasonably knew that, at the time of the contract, there would be potential losses if there was a breach.

(3) **Specific Performance** - a court order requiring performance exactly as specified in the contract.

(4) **Punitive Damages** - this is money given to punish a person who acted in an offensive and egregious manner in an effort to deter the person and others from repeated occurrences of the wrongdoing. You generally cannot collect punitive damages in contract cases.

(5) **Reformation** - the terms of the contract are changed to reflect what the parties actually intended.

# Case Law

### General Standards for Breach of the Duty of Fair Representation

- *Air Line Pilots Assoc. v. O'Neill*, 499 U.S. 65, 67 (1991)

    Court held that "a union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness,' as to be irrational."

### The Duty of Fair Representation is Not Pre-empted by the NLRB.

- *Miranda Fuel Co.*, 140 NLRB 181, 51 LRRM 1584 (1962), enf, denied, 326 F.2d 172, 54 LRRM 2715 (2d Cir. 1963).

    The National Labor Relations Board held that a Union's breach of the duty of fair representation may constitute an unfair labor practice under Section 8(b)(1)(A) of the National Labor Relations Act, since Section 7 of the Act gives employees the right to be free from unfair or invidious treatment by their exclusive representative. See also, Graphic Communication Workers Local 388 & District 2, 287 NLRB 1128, 128 LRRM 1176 (1988).

- *Vaca v. Sipes*, 386 U.S. 171, 64 LRRM 2369 (1967).

    Based upon the Board's tardy assumption of jurisdiction in a duty of fair representation case, the Supreme Court refused to infer that Congress intended the Board to have exclusive jurisdiction over claims of arbitrary conduct by Unions. The Court assumed that a breach of the duty of fair representation amounts to an unfair labor practice.

- *Breininger v. Sheet Metal Workers Local 6*, 493 U.S. 67, 132 LRRM 3001 (1989).

    Fair representation suits arising out of the operation of Union hiring halls are not preempted by the NLRA. Just because a breach of the duty of fair representation might also constitute an unfair labor practice does not deprive federal courts of jurisdiction over the fair representation claim.

### Right to Jury Trial on Duty of Fair Representation Claims.

- *Chauffeurs, Teamsters, & Helpers. Local No. 391 v. Terry*, 494 U.S. 558, 133 LRRM 2793 (1990).

    Union members have a right to a jury trial under the Seventh Amendment on their fair representation claim, where they seek only monetary damages. The test for whether a jury trial is required is as follows:

    **1. Nature of issues involved** - a fair representation action resembles an equitable action by a beneficiary against a trustee for breach of fiduciary duty, but a hybrid Section 301 claim involves a legal question of the breach of a contract (which breach must be shown in order to prevail against the Union even if the plaintiff does not sue the Employer);

    **2. Remedy sought** (the more important of the two prongs) - The backpay damages sought are legal, not restitutionary, in nature

■ *Brownlee* v. *Yellow Freight Systems. Inc.*, 921 F.2d 745, 136 LRRM 2017 (8th Cir. 1990).

> A discharged employee was entitled to a jury trial in a hybrid Section 301/fair representation suit against his Employer and Union even though the employee requested equitable as well as legal relief. The jury must decide the questions of breach of contract, breach of the duty of fair representation, and the amount of monetary damages. Then the judge decides whether equitable relief such as reinstatement is appropriate.

**Remedies for Breach of the Duty of Fair Representation.**

■ *Electrical Workers* v. *Foust*, 442 U.S. 42, 101 LRRM 2365 (1979)

> The Supreme Court held that the "fundamental purpose of fair representation suits is to compensate for injuries caused by violation of employee rights."

**Apportionment of damages.**

■ *Bowen* v. *U.S. Postal Service*, 459 U.S. 212, 112 LRRM 2281 (1983).

> The Supreme Court affirmed the principle announced in Vaca v. Sipes, 386 U.S. 171, 64 LRRM 2369 (1967), that liability in hybrid Section 301/fair representation cases must be apportioned between the Employer and the Union according to their respective fault:
>
>> "[D]amages attributable solely to the employer's breach of contract should not be charged to the union, but increases if any in those damages caused by the union's refusal to process the grievance should not be charged to the employer."
>
> 112 LRRM at 2284, citing Vaca, 386 U.S. at 197-98. The trial court had instructed the jury that it could apportion damages based on the hypothetical date on which an arbitrator would have reinstated the grievant had the Union taken the case to arbitration, assessing damages prior to that date to the Employer and damages after that date to the Union. Because neither party appealed the trial court's jury instruction regarding the manner of apportionment, the Supreme Court found no need to evaluate this method. The Court noted that the Employer would remain secondarily liable for any portion of the judgment against the Union which it could not pay.
>
> Justices White, Blackmun, Marshall, and Rehnquist dissented from this holding, arguing that Unions should be liable for backpay only if the Employer cannot pay the judgment or if the Union induced the Employer to breach the contract. The dissenters particularly objected to the trial court's method of apportioning damages based on a hypothetical arbitration date. Given the long delays inherent in litigation as compared to arbitration, the Justices felt, the Union would be forced to bear the brunt of the Employer's breach of contract. Moreover, unlike the Employer, the Union could not terminate its liability by reinstating the grievant.

■ Two Circuits have approved of the hypothetical date method of apportioning damages between the Employer and the Union. See, *Camacho* v. *Ritz-Carlton Water Tower*, 786 F.2d 242, 121 LRRM 2801 (7th Cir. 1986), cert. denied, 477 U.S. 908;

11

*Platemakers' Union No. 4* v. *NLRB*, 794 F.2d 420, 122 LRRM 3000 (9th Cir. 1986) (dicta).

■ One court chose instead to make the Employer solely liable "until such time as the union's breach can be said to have affected damages," and to impose a 50-50 percentage fault liability after that point. *Byrne* v. *Buffalo Creek R.R.*, 123 LRRM 2431, 2436-37 (W.D.N.Y. 1985). The 10th Circuit also followed the percentage apportionment method, finding that the hypothetical date method was too speculative and would cause the Union to bear a majority of the backpay award even though it was not the primary wrongdoer. *Aguinaga* v. *Food & Commercial Workers*, 993 F.2d 1480, 143 LRRM 2412 (10th Cir. 1993), cert. denied, 510 U.S. 1072, 145 LRRM 2320 (1994).

# U.S. CODE
# TITLE 29—LABOR
# CHAPTER 11—LABOR-MANAGEMENT REPORTING AND DISCLOSURE PROCEDURE
# SUBCHAPTER I—GENERAL PROVISIONS

### 29 U.S.C. § 401. Congressional Declaration of Findings, Purposes, and Policy

#### (b) Protection of Rights of Employees and the Public

The Congress further finds, from recent investigations in the labor and management fields, that there have been a number of instances of breach of trust, corruption, disregard of the rights of individual employees, and other failures to observe high standards of responsibility and ethical conduct which require further and supplementary legislation that will afford necessary protection of the rights and interests of employees and the public generally as they relate to the activities of labor organizations, employers, labor relations consultants, and their officers and representatives.

#### (c) Necessity to Eliminate or Prevent Improper Practices

The Congress, therefore, further finds and declares that the enactment of this chapter is necessary to eliminate or prevent improper practices on the part of labor organizations, employers, labor relations consultants, and their officers and representatives which distort and defeat the policies of the Labor Management Relations Act, 1947, as amended [29 U.S.C. 141 et seq.], and the Railway Labor Act, as amended [45 U.S.C. 151 et seq.], and have the tendency or necessary effect of burdening or obstructing commerce by

(1) impairing the efficiency, safety, or operation of the instrumentalities of commerce;

(2) occurring in the current of commerce;

(3) materially affecting, restraining, or controlling the flow of raw materials or manufactured or processed goods into or from the channels of commerce, or the prices of such materials or goods in commerce; or

(4) causing diminution of employment and wages in such volume as substantially to impair or disrupt the market for goods flowing into or from the channels of commerce.

# Federal Questions
# 28 U.S.C. § 1331

The Seafarers International Union admits as fact that more shipping companings are trending toward Pre-Employment Physicals. One company in particular is noted to have imposed a Pre-Employment Physical with a clinic located in Richmond, Virginia when the Seafarers International Union hiring hall is located in Norfolk, Virginia.

QUESTION

Is it an unfair labor practice or a violation of the collective bargaining agreement to increase the burden upon the membership of the union by shipping companies and/or the union where the act of raising the bar of medical/physical qualifications by requiring company imposed Pre-Employment Physicals when the national health of the American people as a whole is proven not to be up to the standards recommended by the American Heart Association or the American Medical Association? In other words, is it an unfair labor practice or a violation of the collective bargaining agreements when the national health of the American people is predominantly unfit for duty by the requirements of the shipping companys' Pre-Employment Physical but passes the requiring of the union's annual physical?

QUESTION:

Is it a breach of the Union's Fair Representation Duty to refuse requests for legal advice, assistance, intervention, or help of any kind when such requests are made in defense of seamen's rights as a class of people, especially in defense of the Seamen's Suit law 28 U.S.C. § 1916 when it is under attack by extortion from the federal courts in violation of 18 U.S.C. § 872?

# COMPLAINT

## Stating the Claims Clearly and Concisely under Rule 8(a)(2) and with Particularity under Rule 9(b).

### CLAIM (1): Against Dr. Hoffman

Dr. Richard S. Hoffman and his nursing staff wrongfully and unlawfully entered information on the Crowley's Pre-Employment Physical in my absence after that Pre-Employment Physical was canceled by Jacqueline Smith of Crowley Maritime Corporation constituting a Waiver of the Pre-Employment Physical for the specific purpose of hiring me on an "as is" condition of immediate employment aboard the M/V Charleston Express due to an early sailing time. The Waiver of the Pre-Employment Physical was agreed to by Seafarers International Union and thereby constitutes a legally binding verbal agreement construed to be a medication of the Agreeement (i.e., "contract") between Crowly and the Union. That cancellation was verbally communicated to front desk nurse of Dr. Hoffman's clinic by Sam Malone, Seafarers International Union Representative before that information was entered into the Pre-Employment Physical. By such action on the part of Dr. Hofffman and his nursing staff they committed medical malpractice and fraud and the consequences of such action they violated the Collective Bargaining Agreements between Crowley, the Seafarers International Union, and I, the employee, causing Crowley to commit a Breach of Contract by wrongfully terminating my employment based upon the communication of fraudulently obtained medical information by Dr. Hoffman and/or his nursing staff in violation of 42 U.S.C. § 1320d-6. *Wrongful Disclosure of Individually Identifiable Health Information*, notwithstanding any other federal law or regulation

### Claim (2): Against Crowley Maritime Corp.

Jacqueline Smith of Crowley Maritime Corporation or person or persons unknown to the Plaintiff committed a Breach of Contract and Wrongful Termination by willfully and knowingly accepted fraudulently obtained medical information and causing that information to be communicated to the Master of the M/V Charleston Express causing the Master to initiate medical procedures causing the termination of employment of the Plaintiff in violation of the Waiver of the Pre-Employment Physical.

## Claim (3): Against Seafarers International Union

The Seafarers International Union for reasons unknown to the Plaintiff failed by intent or negligence or knowingly and willfully refused to intervene in the commission of Crowley's Breach of Contract and the subsequenty wrongful termination of employment of the Plaintiff by Crowley constitutes a Breach of Fair Representation Duty (48 Am. Jur. 2d § 759; See also, *Vaca v. Sipes* 386 US 171 (1967)). It also constitutes a breach of the Collective Bargaining Agreement between Crowley Maritime Corp. and the Seafarers International Union as it directly affects the Plaintiff.

## Complaint Filed with the National Labor Relations Board in Washington, DC

The details are documented in Plaintiff's Complaint to the National Labor Relations Board. A copy of that Complaint is included herein as evidence for the convenience of the Court.

The General Counsel of the NLRB has issued substantive guidelines for use by Regional Offices in Section 8(b)(1)(A) cases involving a Union's duty of fair representation. Memorandum 79-55, Office of the General Counsel, NLRB (July 9, 1979).

If the Union's conduct falls within one of the following four categories, the Region is directed to issue a complaint, absent settlement:

- **Improper motives or fraud.**

    See, Pacific Coast Utilities. Inc., 238 NLRB 599, 99 LRRM 1619 (1978), enf d, 638 F.2d 73, 104 LRRM 2320 (9th Cir. 1980); ITT Artic Services, 238 NLRB 116, 99 LRRM 1659 (1978) (overruled on other grounds); and Owens-Illinois, 240 NLRB 324, 100 LRRM 1294 (1979).

- **Arbitrary conduct.**

    See, Beverly Manor Convalescent Center, 229 NLRB 692, 95 LRRM 1156 (1977); U.S. Postal Service, 240 NLRB 1198, 100 LRRM 1371 (1979), enf'd in relev. part, 618 F.2d 1249, 103 LRRM 3045 (8th Cir. 1980); and Boilermakers Local 667, 242 NLRB 1153, 101 LRRM 1430 (1979).

- **Gross negligence.**

    See, Great Western Unifreight System, 209 NLRB 446, 85 LRRM 1385 (1974). See also, Robesky v. Quantas Empire, Airways, Ltd., 573 F.2d 1082, 98 LRRM 2090 (9th Cir. 1978).

- **Union's conduct after it has decided to grieve on behalf of the employee.**

See, Owens-Illinois, 240 NLRB 324, 100 LRRM 1294 (1979).

## Claim (4): Against the Seafarers International Union

In light of the September 2007 special issue of Scientific American titled, "*FEAST AND FAMINE: THE GLOBAL PARADOX OF OBESITY AND MALNUTRITION*" reporting that the national health of the American people on a growing percentage is overweight and unfit by traditional standards is it an unfair labor practice or a violation of the collective bargaining agreements and/or a violation of the Constitution of the Seafarers International Union's Preamble, Clause 5, stating, *"We proclaim the right to all seamen to receive healthful and sufficient food . . ."* to impose stricter physical requirements when shipping companies impose Pre-Employment Physicals when shipping companies provide excessive between-meal snacks above the daily recommended 3 meal diet and other daily recommended guidelines?

## Claim (5): Against the Seafarers International Union

This claim is unrelated to the Claim (1) and Claim (2) against the other two Defendants and is solely lodged against the Seafarers International Union under the *Related Cases Protocol* (i.e., the proverbial axiom of killing two birds with one stone).

The Plaintiff has been in federal litigation for the last 5 years with a Second Amendment case against the U.S. Government and recently against the United Nations as an additional defendant from a merchant seaman's point of view in defense of seamen's rights under state law, federal law, maritime law and international human rights law.

But because of certain federal courts displaying political or ideological bias and conducting themselves under their personal prejudices under color of law in league with the U.S. Department of Justice and the U.S. Marshals Service, among others, my cases have been and continue to be obstructed and even derailed in one instance by the 8th Circuit because those selected Courts refuse to acknowledge my statutory right to the filing fee exemption under 28 U.S.C. § 1916.

Frequently during the past 5 years I called upon the Seafarers International Union to file Amicus Curiae Briefs in support of my statutory right to the filing fee exemption 28 U.S.C. § 1916 and to file Amicus Curia Briefs on the seamen's right to keep and bear arms under the Second Amendment from an historical point of view as part and partial to the Common Defence clause of the Preamble to the United States Constitution. The Seafarers International Union has ignored my requests each and every time. I have made a couple of visits to the SIU Headquarters in Camp Springs, Maryland (without an appointment) and was turned away both times.

The Affidavit of Replevin (pp. 49-52) is part of the Citizen's Arrest Warrant in the Yellow Page Section of the accompanying National Labor Relations Complaint provides sufficient notice that I am now employing the Citizen's Arrest Warrant as a means of last resort because I have exhausted all remedies available from the Judicial Branch and the Legislative Branch in addition to the Seafarers International Union's abdication of their Fair Representation Duty in regard to seamen's rights under 28 U.S.C. § 1916.

In light of the above the Plaintiff claims that the Union's conduct is based on improper motives or fraud, arbitrary conduct, and/or gross negligence in accordance with NLRB Guidelines noted above.

Respectfully submitted

*Don Hamrick*

Don Hamrick

## CERTIFICATE OF SERVICE

Because the Plaintiff is authorized to proceed as a seaman under 28 U.S.C. § 1916 the Plaintiff elects to have the Court direct the U.S. Marshals Service to provide Service of Summons and Complaint under Rule 4(c)(2) of the Federal Rules of Civil Procedure.

Respectfully,

*Don Hamrick*

Don Hamrick