IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

Don Hamrick, :
:
    Plaintiff :
v. :
: Civil Action No. CA -07-01726
: Judge Rosemary M. Collyer
:
:
Richard S. Hoffman, M.D., et al. :
:
    Defendants. :

**DEFENDANT RICHARD S. HOFFMAN, M.D.'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

COMES NOW defendant Richard S. Hoffman, M.D. ("Dr. Hoffman"), by counsel, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, and moves this Honorable Court for entry of an Order, pursuant to Rules 8(a), 12(b)(1) and 12 (b)(2) of Federal Rules of Civil Procedure, dismissing the Complaint with prejudice. As grounds for this Motion, defendant states as follows:

1. Plaintiff Don Hamrick's (hereinafter "Plaintiff") Complaint may properly be dismissed for failure to comply with the pleading requirements of the Federal Rules of Civil Procedure.

2. Plaintiff's failure to assert any facts or basis for the jurisdiction of this Court in the Complaint violates Rule 8(a)(1) of the Federal Rules of Civil Procedure.

3. Plaintiff's failure to make a demand for relief or judgment in the Complaint violates Rule 8(a)(3) of the Federal Rules of Civil Procedure.

4. Plaintiff's Complaint may also be properly dismissed because Plaintiff fails to establish the threshold elements for the exercise of subject matter jurisdiction by the Court.

5. Federal subject matter jurisdiction under 28 U.S.C. § 1331 is precluded because this action does not arise under a law of the United States that provides for a private right of action.

6. Plaintiff does not allege perfect diversity or an amount in controversy exceeding $75,000 and thereby precludes the exercise of federal subject matter jurisdiction under 28 U.S.C. § 1332.

7. Plaintiff's Complaint may also be properly dismissed because Defendant Richard S. Hoffman, M.D. (hereinafter "Dr. Hoffman") is not subject to personal jurisdiction by a District of Columbia court.

8. Dr. Hoffman is not a resident or domiciliary of the District of Columbia.

9. Dr. Hoffman is not licensed, does not have an office, and does not transact any business or supply services in the District of Columbia.

10. Plaintiff's claims against Dr. Hoffman arise out of events apparently occurring in Dr. Hoffman's office in Norfolk, Virginia.

11. Plaintiff has not met his burden to prove that the exercise of personal jurisdiction over Dr. Hoffman is appropriate in this matter.

Dr. Hoffman respectfully refers this Court to the attached Memorandum of Points and Authorities submitted in support of this Motion, which is adopted and incorporated by reference as if fully set forth herein.

**WHEREFORE**, Dr. Hoffman respectfully requests that this Court grant the instant Motion To Dismiss Plaintiff's Complaint and enter an Order dismissing any and all claims with prejudice.

                    Respectfully submitted,

                    WILSON, ELSER, MOSKOWITZ,
                    EDELMAN & DICKER LLP

By:   /s/ Robert W. Goodson
      Robert W. Goodson, # 935239
      Kathleen H. Warin #492519
      1341 G Street, N.W.
      Suite 500
      Washington, D.C. 20005
      (202) 626-7660
      (202) 628-3606 (facsimile)
      Robert.Goodson@wilsonelser.com
      Kathleen.Warin@wilsonelser.com
      ***Counsel for Defendant***
      ***Richard S. Hoffman, M.D.***

276754.4

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Motion to Dismiss, Memorandum of Points and Authorities, and proposed Order in support thereof was served, via electronic filing, this 19th day of October, 2007, to:

Don Hamrick
5860 Wilburn Road
Wilburn, Arkansas 72179
(by First Class Mail pursuant to Local Rule 5(e)(3))

Crowley Maritime Corporation
9487 Regency Square Blvd.
Jacksonville, Florida 32225
(by First Class Mail because no appearance has been entered)

Barbara Kraft
Kraft Eisenmann Alden, PLLC
1001 Pennsylvania Ave, N.W.
Suite 600
Washington, D.C. 20004
*Attorney for Defendant*
*Seafarers International Union*

/s/ Robert W. Goodson
Robert W. Goodson

276754.4

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| Don Hamrick, | : |
|     Plaintiff | : |
| v. | : |
| | :    Civil Action No. CA -07-01726 |
| | :    Judge Rosemary M. Collyer |
| Richard S. Hoffman, M.D., et al. | : |
|     Defendants. | : |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT RICHARD S. HOFFMAN, M.D.'S MOTION TO DISMISS**

COMES NOW defendant Richard S. Hoffman, M.D. ("Dr. Hoffman"), by counsel, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, and moves this Honorable Court for entry of an Order, pursuant to Rules 8(a), 12(b)(1) and 12(b)(2) of Federal Rules of Civil Procedure, dismissing the Complaint with prejudice. As grounds for this Motion, defendant states as follows:

**I.      INTRODUCTION**

Plaintiff Don Hamrick (hereinafter "Plaintiff") filed the Complaint in this action in the District Court of the District of Columbia on September 26, 2007. *See* Complaint. The Complaint names three defendants, Richard S. Hoffman, M.D., (hereinafter "Dr. Hoffman" or "Defendant"), Crowley Maritime Corporation and Seafarers International Union. *Id.* Plaintiff's Complaint fails to allege any basis for the jurisdiction of this Court over the subject matter or Defendant Dr. Hoffman contained therein. *Id.* In addition, Plaintiff neglects to make any demand for judgment or relief in his Complaint. *Id.* Plaintiff's Complaint is therefore deficient on its face and may be the proper subject of dismissal.

276754.4

More problematic than the failure to assert any basis for jurisdiction in the Complaint, is that no basis for either subject matter or personal jurisdiction exists in this action. Plaintiff's claims do not present a federal question or an adequate basis for diversity jurisdiction. Moreover, Plaintiff alleges that his claims arise from events surrounding a pre-employment physical exam, its cancellation, and the completion of related paperwork occurring exclusively at Dr. Hoffman's office in Norfolk, Virginia. *Id.* Dr. Hoffman is not a resident of the District of Columbia nor did any action or injury occur in the District of Columbia. *Id.* Plaintiff's allegations suggest no nexus to the District of Columbia that would allow this Court to exercise personal jurisdiction over Dr. Hoffman.

The procedural and jurisdictional deficiencies presented in this matter justify dismissal of Plaintiff's Complaint. Defendant respectfully requests the Court grant the instant Motion and states the following:

## II. ARGUMENT

In ascertaining the court's authority to adjudicate the merits of a claim, the Court commonly may choose between multiple threshold issues in resolving that a particular action is not properly before it. *The Herero People's Reparations Corp. v. Deutsche Bank*, No. 01-01868(CKK), 2003 U.S. Dist. LEXIS 27086 at *13 (D.D.C. June 30, 2003). The instant case is no exception. Therefore, while several of the Complaint's infirmities are individually discussed below, the Court may dismiss Plaintiff's Complaint on any one of the following grounds.

### A. Plaintiff's Complaint does not Comport with Rule 8(a) of the Federal Rules of Civil Procedure.

Plaintiff's Complaint is insufficient because he has failed to plead his cause of action in accordance with Federal Rule of Civil Procedure 8(a). Plaintiff's failure to include the required pleading elements renders his Complaint insufficient on its face. A pleading which sets forth a

claim for relief must include (1) a statement providing the basis for the court's jurisdiction, (2) a statement of the claim showing plaintiff's entitlement to relief and (3) a demand for the judgment which pleader seeks. Fed. R. Civ. P. 8(a) (2007); *Grumbkow v. Bush*, No.06-1013(RWR), 2006 U.S. Dist. LEXIS 82755 at *1 (D.D.C. November 14, 2006) (memorandum opinion). While courts often apply a less severe standard in evaluating the complaints of *pro se* litigants, *pro se* plaintiffs must nonetheless comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F.Supp. 237, 239 (D.D.C. 1987). When a complaint fails to comport with the requirements of Rule 8, the court has the power to dismiss the complaint on motion or even *sua sponte*. *Grumbkow*, 2006 U.S. Dist. LEXIS 82755 at *2 (citations omitted).

The instant Complaint does not comply with Federal Rule of Civil Procedure 8(a) and therefore may properly dismissed. It is exceedingly clear that averments of jurisdiction and demands for judgment are wholly absent from the Plaintiff's Complaint. Plaintiff asserts neither federal subject matter jurisdiction nor personal jurisdiction over Dr. Hoffman in this forum. *See* Complaint. Additionally, Plaintiff makes no demand for judgment, consequently failing to specify either the type or the amount of relief sought. *See* Complaint.

Plaintiff's status as a *pro se* litigant does not excuse him from observance of the applicable procedural rules. Defendant respectfully submits that Plaintiff's failure to satisfy the preliminary requirements of pleading are fatal to his claims and his Complaint is properly dismissed.

### B. Plaintiff's Allegations do not Permit the Exercise of Subject Matter Jurisdiction of this Court.

As discussed above, Plaintiff avers no facts or circumstances which would confer subject matter jurisdiction for these claims on this Court. Federal District Courts are, by definition, courts of limited jurisdiction and subject matter jurisdiction of the district court is properly

limited to diversity or federal question cases which comport with the requirements of 28 USC §§ 1331 or 1332. *Anderson v. Wiggins*, 460 F.Supp.2d 1, 6 (D.D.C. 2006). Assuming *arguendo*, that the Complaint set forth any jurisdictional allegations, Defendant respectfully submits that this mater is not properly before this court under either statute and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

### 1. Plaintiff's Causes of Action do not Present a Federal Question Arising Out of the Laws of the United States.

Federal question jurisdiction as set forth in 28 U.S.C. § 1331 confers the power to hear cases arising under the laws of the United States to the district courts. 28 U.S.C. § 1331 (2007). Defendant maintains that Plaintiff's Complaint fails to state any basis for jurisdiction as required by Rule 8(a) of the Federal Rules of Civil Procedure. However, even if the Court liberally construes Plaintiff's citation of 42 U.S.C. § 1320d-6 as an assertion of federal question jurisdiction, Plaintiff's complaint still fails to state a federal question cause of action which may properly be heard by this Court. *See* Complaint.

Plaintiff cites to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. §§ 1320d to 1320d-8 (2007). Enforcement of these provisions is limited to actions by the Secretary of Health and Human Services, thereby precluding a private right of action. *See Johnson v. Quander*, 370 F.Supp.2d 79, 100 (D.D.C. 2005), aff'd by *Johnson v. Quander*, No. 05-5156, 2006 U.S. App. LEXIS 6601 (D.C. Cir. March 17, 2006)(holding that plaintiff's claims were dismissed for lack of subject matter jurisdiction in an action instituted by an individual because no private right of action exists under HIPAA). As no private right of action exists under HIPAA, the Court does not have subject matter jurisdiction in the case at hand and Plaintiff's Complaint must be dismissed. *Id.*

2. **Plaintiff's Claims do not Meet the Amount in Controversy Requirements Necessary for Jurisdiction over a Diversity Action.**

Federal district courts have original jurisdiction over cases involving citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332 (2007). Given the limited jurisdiction of federal courts, there is a presumption against federal subject matter jurisdiction which places the burden on the plaintiff to prove otherwise. *Anderson*, 460 F.Supp.2d at 6. The Rule 8(a) infirmities discussed above include Plaintiff's failure to plead both perfect diversity of the parties and any measure of damages, let alone the requisite amount in controversy necessary to establish subject matter jurisdiction. *See* Complaint. As the Complaint is void of facts sufficient to confer diversity jurisdiction on this Court, Plaintiff has not satisfied his burden and the Complaint may be appropriately dismissed for lack of subject matter jurisdiction over the claims set forth therein.

C. **Defendant has No Contact with the District of Columbia Sufficient to Subject him to the Exercise of Personal Jurisdiction by this Court; thus Plaintiff's Complaint should be Dismissed Pursuant to Rule 12(b)(2).**

On a motion to dismiss under Rule 12(b)(2), the plaintiff bears the burden of asserting a factual basis for the forum court's exercise of personal jurisdiction over the defendant. *Schutter v. Herskowitz*, No. 06-1846(RMC), 2007 U.S. Dist. LEXIS 48152 at *4 (D.D.C. July 5, 2007) (citing *Crane v. N.Y. Zoological Soc'y*, 282 U.S. App. D.C. 295. 894 F.2d 454, 456 (D.C. Cir. 1990)). A plaintiff's jurisdictional allegations must include specific acts establishing a connection between the defendant and the forum. *Schutter*, 2007 U.S. Dist. LEXIS 48152 at *4-5 (citing *Second Amendment Found. v. US Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001)). In determining jurisdictional facts, the court may consider affidavits or other relevant matters outside the pleadings. *United States v. Phillip Morris Inc.*, 116 F.Supp.2d 116, 120 n.4 (D.D.C. 2000).

As noted in the discussion of Plaintiff's failure to comply with Rule 8(a), Plaintiff asserts no facts upon which personal jurisdiction over Dr. Hoffman could be exercised. Dr. Hoffman is a resident of the Commonwealth of Virginia, not the District of Columbia. Declaration of Richard S. Hoffman, attached hereto as Exhibit 1, at ¶ 2. Consequently, a District of Columbia court can only exercise jurisdiction over Dr. Hoffman if Plaintiff satisfies his burden in proving either that Defendant had an enduring relationship with the forum or that his conduct had an effect in the forum. *Valdes v. Gordon*, 270 F.Supp.2d 15, 24 (D.D.C. 2003); D.C. Code Ann. § 13-422 (2007); D.C. Code Ann. § 13-423 (2007). Neither grounds for personal jurisdiction exist in the present case.

Where federal law is silent, the Court must examine District of Columbia law to determine the propriety of exercising personal jurisdiction over the defendant. *The Herero People's Reparations Corp.*, 2003 U.S. Dist. LEXIS 27086 at *22. A court may find personal jurisdiction over a defendant through either general or specific jurisdiction. *Savage v. Bioport, Inc.*, 460 F.Supp.2d 55, 58 (D.D.C. 2006). An individual is subject to general personal jurisdiction in a District of Columbia court if he is domiciled in or maintains his principal place of business in the District of Columbia. D.C. Code Ann. § 13-422 (2007). As attested to in the attached declaration, Dr. Hoffman is a citizen of Virginia who is licensed, practices and maintains his only office in the Commonwealth of Virginia. Exhibit 1 at ¶¶ 2-3. Dr. Hoffman is not licensed to practice medicine in the District of Columbia, and consequently has never practiced or maintained an office here. *Id.* at ¶¶ 4-6. Additionally, Dr. Hoffman does not own real estate in the District of Columbia. *Id.* at ¶ 7. Dr. Hoffman's lack of business or personal connections to the forum demonstrates that § 13-422 does not support the exercise of general personal jurisdiction by this Court.

If a person does not satisfy the requirements of § 13-422, then specific jurisdiction under the applicable local long-arm statute must be proven. *See generally El-Fadl v. Central Bank of Jordan*, 316 U.S. App. D.C. 86, 75 F.3d 668, 671-2 (D.C. Cir. 1996). The United States Court of Appeals for the District of Columbia Circuit applies the District of Columbia law in the absence of a federal long arm statute. *See U.S. v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995). Therefore, this Court has found that "if a defendant does not reside within or maintain a principal place of business in the District of Columbia, then the District's long arm statute, DC.Code § 13-423, provides the only basis for which a court may exercise personal jurisdiction over the defendant." *Savage*, 460 F.Supp.2d at 60.

Under District of Columbia law, the existence of specific personal jurisdiction over a non-resident defendant is established through a two-part inquiry. *Sieverding*, 439 F.Supp.2d at 119 (citation omitted). First, the plaintiff must establish that one of the provisions of the District of Columbia's long arm statute, D.C. Code Ann. §13-423, applies. *Id.* The statute provides for jurisdiction where the defendant (1) transacts business in the forum; (2) contracts to supply services in the forum; (3) causes tortious injury in the District of Columbia by an act or omission in the District of Columbia; or (4) causes tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly or consistently does business in or derives substantial revenue from goods or services supplied in the District of Columbia. *Id.*; D.C. Code Ann. § 13-423(a) (2007). When jurisdiction is founded on D.C. Code Ann. § 13-423(a), only claims for relief arising from acts enumerated in that section may be asserted. D.C. Code Ann. § 13-423(b) (2007).

Furthermore, the Due Process Clause of the Fifth Amendment requires the plaintiff to demonstrate minimum contacts between the defendant and the forum such that the "maintenance

of the suit does not offend traditional notions of fair play and substantial justice." *Sieverding*, 439 F.Supp.2d at 119 (citation omitted). In order to be subject to the jurisdiction in a particular forum, the defendant must purposefully avail himself of the privilege of conducting activities within the forum, thereby invoking the benefits and protections of its laws. *Id.* The defendant's connection to the forum state must be of such a nature that he or she could reasonably foresee being brought into court there. *Id.*

Here, Plaintiff's allegations regarding Dr. Hoffman contained in the Complaint arise exclusively from events taking place outside the District of Columbia. *See generally* Complaint. There are no allegations that Dr. Hoffman transacted any business or supplied any services in the District of Columbia. *Id.* Plaintiff's alleged injuries solely occurred in Dr. Hoffman's office located in Norfolk, Virginia. *Id.* Therefore, Plaintiff cannot prove that there are sufficient contacts with the District of Columbia to subject Dr. Hoffman to personal jurisdiction in this forum.

Although Plaintiff cannot satisfy his burden of establishing personal jurisdiction over Dr. Hoffman, any exercise of personal jurisdiction over Dr. Hoffman in this matter would not comport with Due Process. There is no evidence that Dr. Hoffman took any action to purposefully avail himself of the benefits of conducting business in the District of Columbia. There are no facts presented which could support the proposition that Dr. Hoffman could anticipate being brought into court in this forum. The total absence of factual or legal support for the exercise of personal jurisdiction over Dr. Hoffman by this Court permit dismissal of Plaintiff's Complaint pursuant to Rule 12(b)(2).

12

276754.4

III.  **CONCLUSION**

For the reasons set forth herein, the Defendant respectfully requests that the Court dismiss the Plaintiff's Complaint.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By:   /s/ Robert W. Goodson
      Robert W. Goodson, # 935239
      Kathleen H. Warin #492519
      1341 G Street, N.W.
      Suite 500
      Washington, D.C.  20005
      (202) 626-7660
      (202) 628-3606 (facsimile)
      Robert.Goodson@wilsonelser.com
      Kathleen.Warin@wilsonelser.com
      ***Counsel for Defendant***
      ***Richard S. Hoffman, M.D.***

276754.4

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| **Don Hamrick,** | : |
|     **Plaintiff** | : |
| v. | : |
| | :   Civil Action No. CA -07-01726 |
| | :   Judge Rosemary M. Collyer |
| **Richard S. Hoffman, M.D., et al.** | : |
|     **Defendants.** | : |

## DECLARATION OF RICHARD S. HOFFMAN, M.D.

I, the undersigned RICHARD S. HOFFMAN, M.D., make the following declaration under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. I am over the age of eighteen, have personal knowledge of the matters herein set forth and am competent to testify thereto.

2. I am a citizen of the Commonwealth of Virginia.

3. My only office is located at 142 W. York St., #518, Norfolk, Virginia, 23510.

4. I am not licensed to practice medicine in the District of Columbia.

5. I do not maintain an office in the District of Columbia.

6. I have never practiced medicine in the District of Columbia.

7. I do not own any real estate in the District of Columbia.

276717.1

1


EXHIBIT 1

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed this 18th day of October, 2007, Norfolk, Virginia.

                                                                  Richard S. Hoffman, M.D.

276717 1

2

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| **Don Hamrick,** | : |
| **Plaintiff** | : |
| v. | : |
| | : Civil Action No. CA -07-01726 |
| | : Judge Rosemary M. Collyer |
| **Richard S. Hoffman, M.D., et al.** | : |
| **Defendants.** | : |

## ORDER

UPON CONSIDERATION of Defendant Richard S. Hoffman, M.D.'s Motion to Dismiss Plaintiff's Complaint, any opposition thereto, and the entire record herein,

It is this _____ day of _____, 2007,

ORDERED: that Defendant Richard S. Hoffman, M.D.'s Motion to Dismiss BE AND HEREBY IS GRANTED, and it is

FURTHER ORDERED: that plaintiff's Complaint be, and the same hereby is, DISMISSED WITH PREJUDICE.

_____
The Honorable Rosemary M. Collyer

276754.4

cc: Robert W. Goodson
Kathleen H. Warin
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
1341 G Street, NW, Suite 500
Washington, D.C. 20005
*Attorneys for Defendant*
*Richard S. Hoffman, M.D.*

Don Hamrick
5860 Wilburn Road
Wilburn, AR 72179

Crowley Maritime Corporation
9487 Regency Square Blvd.
Jacksonville, Florida 32225

Barbara Kraft
Kraft Eisenmann Alden, PLLC
1001 Pennsylvania Ave, N.W.
Suite 600
Washington D.C. 20004
*Attorney for Defendant*
*Seafarers International Union*

15

276754.4