IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DON HAMRICK ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No.: 1:07-cv-01726 |
| ) | |
| DR. RICHARD S. HOFFMAN, M.D., ) | |
| *et al.* ) | |
| ) | |
| Defendants ) | |

## DEFENDANT'S MOTION TO DISMISS

Defendant Crowley Maritime Corp. ("Crowley" or "Defendant"), by counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves to dismiss the Complaint filed by Plaintiff Don Hamrick ("Plaintiff")[1], and in support thereof, states as follows:

### INTRODUCTION

Plaintiff has filed a 17-page Complaint against Crowley that is wholly incomprehensible, consisting primarily of purported statutory and case law citations. The Complaint is titled in pertinent part **"COMPLAINT FOR BREACH OF CONTRACT AND WRONGFUL TERMINATION AGAINST CROWLEY MARITIME CORP."** The allegations pertaining to Crowley are contained in one sole paragraph titled **"Claim (2): Against Crowley Maritime Corp."** as follows:

> Jacqueline Smith of Crowley Maritime Corporation or person or persons unknown to the Plaintiff committed a Breach of Contract and Wrongful Termination by willfully and knowingly accepted [*sic*] fraudulently obtained medical information and causing that information to be communicated to the Master of the M/V Charleston Express causing the Master to initiate medical procedures causing the termination of employment of the Plaintiff in violation of the Waiver of the Pre-Employment Physical.

---

[1] It is unclear upon what basis this Court has subject matter jurisdiction over Plaintiff's Complaint due to the incomprehensible nature of Plaintiff's allegations. This alone is grounds to dismiss Plaintiff's Complaint under Rule 12(b)(1).

Complaint at p. 14. In the preceding paragraph of the Complaint, which pertains to Plaintiff's purported claims against Defendant Richard S. Hoffman, M.D., Plaintiff asserts that Dr. Hoffman and his staff wrongfully:

> "entered information on the [sic] Crowley's Pre-Employment Physical in [his] absence after that Pre-Employment Physical was canceled by Jacqueline Smith of Crowley Maritime Corporation constituting a Waiver of the Pre-Employment Physical for the specific purpose of hiring me on an "as is" condition of immediate employment aboard the M/V Charleston Express due to an early sailing time. The Waiver of the Pre-Employment Physical was agreed to by Seafarers International Union and thereby constitutes a legally binding verbal agreement construed to be a medication [sic] of the Agreement (i.e., "contract") between Crowly [sic] and the Union."

Id.

Plaintiff's Complaint should be dismissed because it fails to state a claim under either count, as set forth more fully below.

## ARGUMENT

### I. APPLICABLE LEGAL STANDARDS

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defending party to file a motion to dismiss prior to filing an Answer if the Complaint fails to state a claim upon which relief can be granted. A claim should be dismissed under Fed. R. Civ. P. 12(b)(6) if it appears that the plaintiff can prove no facts in support of his claims which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

II. THE COMPLAINT FAILS TO STATE ANY CLAIM UPON WHICH RELIEF CAN BE GRANTED

    A. Plaintiff's Conclusory Allegations That Crowley Breached a Contract and/or Wrongfully Terminated Plaintiff Are Wholly Unsupported By Any Comprehensible Factual Allegations

        1. Breach of Contract

Plaintiff's claims of breach of contract and wrongful termination consist solely of Plaintiff's conclusory allegation that Crowley wrongfully accepted certain medical information ultimately resulting in Plaintiff's termination from employment. This factual allegation is completely nonsensical and clearly does not establish any cause of action for either breach of contract or wrongful termination, notwithstanding Plaintiff's failure to articulate any alleged enforceable contract or basis for wrongful termination. Plaintiff's conclusory allegations are insufficient to survive a motion to dismiss.

Plaintiff does not allege that he had a written contract for a specific duration of time, pursuant to which his termination would constitute a breach of any sort. The only "contract" alluded to by Plaintiff is the purported verbal "Waiver of the Pre-Employment Physical". Crowley can only surmise that Plaintiff is contending that Crowley violated its own prior waiver of Plaintiff's pre-employment physical. Plaintiff, however, has failed to allege a valid and enforceable contract between Plaintiff and Crowley or a violation of any such contract.

District of Columbia courts require a plaintiff to establish three elements in breach of contract claims: (1) the existence of a contract, (2) a breach of that contract, and (3) resultant damages. *See,* Ames v. HSBC Bank USA, N.A., 2007 WL 1404443, (D.D.C. 2007) (copy attached); In re U.S. Office Products Co. Securities Litigation, 251 F.Supp.2d 77, (D.D.C. 2003). The plaintiff has the burden of establishing each element. Redwood Center Ltd. Partnership v.

3

Riggs Nat. Bank of Washington, D.C., 737 F. Supp. 671, (D.D.C. 1990) *citing* Browzin v. Catholic University of America, 527 F.2d 843, 849 (D.C. Cir. 1975).

A breach of contract claim is properly dismissed when the plaintiff fails to establish the existence of a contract upon which the court could grant relief. In Fleming v. AT&T, a terminated employee sued his former employer for breach of contract. Fleming v. AT&T Information Services, Inc., 878 F.2d 1472, 1474-76 (D.C. Cir. 1989). The employee claimed that statements made by his supervisors -- that the employee's job "was not in jeopardy," and that "as long as I have a branch, you have a job" -- formed an oral contract for "just cause" employment. Id. The court found these statements were insufficient to establish a contract upon which the employee could sue for breach. Id. Since the plaintiff could not establish the existence of the contract, the court upheld dismissal for failure to state a claim upon which relief could be granted.

Similarly, in McCauley v. Thygerson, an employee claimed that a supervisor's oral representation that the employee would be fired only for "cause" created a "just cause" employment contract. McCauley v. Thygerson, 732 F.2d 978, 979-80 (D.C. Cir. 1984). After he was fired, the employee sued for breach of contract and promissory estoppel. Id. The court dismissed the breach of contract claim for failure to state a claim upon which relief could be granted. Id. at 979, 983-84. The court found that the written employment contract was expressly "at-will," and there was no evidence the supervisor who made the "for cause" statement had authority to waive the written contract. Id at 980. *See also* One-O-One Enterprises, Inc. v. Caruso, 848 F.2d 1283 (D.C. Cir. 1988) (upholding dismissal where plaintiff "failed to identify any fraudulent representations upon which it reasonably could have relied or any plausible interpretation of the contract upon which a claim of breach could be stated").

As set forth above, the allegation that Crowley accepted certain medical information in violation of a verbal "Waiver of the Pre-Employment Physical", if that is in fact what Plaintiff is attempting to allege, does not state a claim for breach of an enforceable contract, and thus, should be dismissed.

### 2. Wrongful Termination

In order to establish a claim for wrongful termination, a plaintiff must allege a violation of a clearly mandated public policy. Warren v. Coastal Intern. Securities, Inc. 96 Fed.Appx. 722 (D.C. Cir. 2004) (copy attached). The violation of public policy doctrine is "very narrow" and a successful plaintiff must show that the termination violated a "firmly anchored" statutory or Constitutional policy. Id. "'There must be a close fit between the policy thus declared and the conduct at issue in the allegedly wrongful termination.'" Fingerhut v. Children's Nat'l Med. Ctr., 738 A.2d 799, 803 n. 7 (D.C. 1999) (quoting Carl v. Children's Hosp., 702 A.2d 159, 162, 164 (D.C. 1997)); *see also* Liberatore v. Melville Corp., 168 F.3d 1326, 1331 (D.C. Cir. 1999) ("[C]ircumstances ... constitute grounds for a public policy exception if 'solidly based on a statute or regulation that reflects the particular public policy to be applied.'" (quoting Carl, 702 A.2d at 163)).

In the present case, Plaintiff has simply not alleged that his termination violated *any* public policy. He merely alleges that Crowley "knowingly accepted fraudulently obtained medical information", which ultimately resulted in Plaintiff's termination. Absent implication of a clear mandate of public policy, Plaintiff's wrongful termination claim cannot stand.

III.  CONCLUSION

WHEREFORE, Crowley respectfully requests that the Complaint be dismissed in its entirety, and for such other and further relief that this Court deems proper.

Respectfully Submitted,

_____/s/_____
Karen A. Doner (Bar No. 158626)
WILLIAMS MULLEN, A Professional Corp.
8270 Greensboro Drive, Suite 700
McLean, VA  22102
(703) 760-5238
(703) 748-0244 (Fax)
Counsel for Crowley Maritime Corp.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of October, 2007, a copy of the foregoing was sent via e-filing and first-class mail postage prepaid, to:

Don Hamrick
5860 Wilburn Road
Wilburn, AR  72179
*Pro Se* Plaintiff

_____/s/_____
Karen A. Doner

1515938v2

Westlaw.

96 Fed.Appx. 722                                                                                                    Page 1
96 Fed.Appx. 722, 2004 WL 1167405 (C.A.D.C.)
**(Cite as: 96 Fed.Appx. 722)**

C

Warren v. Coastal Intern. Securities, Inc.
C.A.D.C.,2004.
This case was not selected for publication in the Federal Reporter.Please use FIND to look at the applicable circuit court rule before citing this opinion. District of Columbia Circuit Rule 28(c). (FIND CTADC Rule 28.)
United States Court of Appeals,District of Columbia Circuit.
Deborah WARREN, Appellant,
v.
COASTAL INTERNATIONAL SECURITIES, INC., Appellee.
No. 03-7035.

May 25, 2004.

Appeal from the United States District Court for the District of Columbia.

Richard Hugh Semsker, Shannon Salb, Lippman & Semsker, Bethesda, MD, for Plaintiff-Appellant.
Teresa Burke Wright, John M. Remy, Michael N. Petkovich, Jackson Lewis, Vienna, VA, for Defendant-Appellee.

Before EDWARDS, SENTELLE and HENDERSON, Circuit Judges.

*JUDGMENT*
PER CURIAM:
**1 This case was heard on the record from the United States District Court for the District of Columbia and on the briefs and arguments of counsel. It is

ORDERED that the judgment of the District Court is hereby affirmed. Try as she might, appellant Deborah Warren states no viable cause of action under the "very narrow" public policy exception to the District of Columbia's at-will employment doctrine. Adams v. George W. Cochran & Co., 597 A.2d 28, 34 (D.C.1991). Such an action must be " 'firmly anchored in either the Constitution or in a statute or regulation which clearly reflects the particular "public policy" being relied upon' " and, to be cognizable, " 'there must be a *723 close fit between the policy thus declared and the conduct at issue in the allegedly wrongful termination.' " Fingerhut v. Children's Nat'l Med. Ctr., 738 A.2d 799, 803 n. 7 (D.C.1999) (quoting Carl v. Children's Hosp., 702 A.2d 159, 162, 164 (D.C.1997) (Terry, J., concurring)); see Fingerhut, 738 A.2d at 806-07; see also Liberatore v. Melville Corp., 168 F.3d 1326, 1331 (D.C.Cir.1999) ("[C]ircumstances ... constitute grounds for a public policy exception if 'solidly based on a statute or regulation that reflects the particular public policy to be applied.' " (quoting Carl, 702 A.2d at 163 (Terry, J., concurring))).

Warren complains that she was discharged in violation of the alleged public policies undergirding assorted District and federal workplace safety and whistle blower laws for seeking a written agreement indemnifying her from any liability arising from her "fake swabbing" of vehicles entering the Ronald Reagan Building and International Trade Center. See Appellant's Br. at 10 (citing 29 U.S.C. § 654(a)(1), D.C. CODE ANN. § 32-808(a)); Appellant's Br. at 14 (citing 5 U.S.C. § 1221, 29 U.S.C. § 660(c)(1), D.C. CODE ANN. § 1-615.53). These statutes, however, fail to "clearly reflect[ ]" a public policy bearing a "close fit" with her circumstances. See Fingerhut, 738 A.2d at 803 n. 7. Warren's indemnification request cannot be taken as a threat to blow the whistle on her employer; in fact, she concedes that her employer could have dispensed with swabbing. Nor does it constitute a complaint about workplace safety; what she requested-personal indemnification-would not have affected the safety of her workplace. Warren simply sought to be absolved of personal liability for fake swabbing and was discharged instead.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. SeeFED. R.APP. P. 41(b); D.C. CIR. RULE 41.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

96 Fed.Appx. 722
96 Fed.Appx. 722, 2004 WL 1167405 (C.A.D.C.)
**(Cite as: 96 Fed.Appx. 722)**

Page 2

C.A.D.C.,2004.
Warren v. Coastal Intern. Securities, Inc.
96 Fed.Appx. 722, 2004 WL 1167405 (C.A.D.C.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**Westlaw Download Summary Report for WILKINSON,J NELS 6220577**

| | |
|---|---|
| Date/Time of Request: | Thursday, October 18, 2007 08:54:00 Central |
| Client Identifier: | 050316.0001 |
| Database: | FEDFIND |
| Citation Text: | 96 Fed.Appx. 722 |
| Lines: | 60 |
| Documents: | 1 |
| Images: | 0 |

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson, West and their affiliates.

Westlaw.

Slip Copy
Slip Copy, 2007 WL 1404443 (D.D.C.)
(Cite as: Slip Copy)

Page 1

Ames v. HSBC Bank USA, N.A.
D.D.C.,2007.
Only the Westlaw citation is currently available.
United States District Court,District of Columbia.
Jacqueline AMES, Plaintiff,
v.
HSBC BANK USA, N.A., Defendant.
**Civil Action No. 06-2039 (RMC).**

May 11, 2007.

Patricia L. Payne, Payne & Associates, Washington, DC, for Plaintiff.
David Sherman Cohen, Milbank, Tweed, Hadley & McCloy, Washington, DC, for Defendant.

ROSEMARY M. COLLYER, United States District Judge.

*1 On September 26, 2006, Plaintiff Jacqueline Ames filed a complaint against her former employer, HSBC Bank, USA, N.A. (the "Bank" or "HSBC") in the Superior Court of the District of Columbia. In her complaint Plaintiff asserted claims against Defendant for (1) breach of express contract, (2) breach of implied contract, and (3) breach of good faith and fair dealing. On November 29, 2006, Defendant filed a notice of removal in accordance with 28 U.S.C. § 1446 transferring the case to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). On December 6, 2006, Defendant filed a motion to dismiss all three causes of action in Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons discussed below, Defendant's Motion to Dismiss the Complaint will be denied.

Plaintiff Jacqueline Ames was originally hired by HSBC Bank while a resident of New York State. See Comp. ¶ 6. In 2004, at Defendant's request, Ms. Ames transferred from New York State to Washington, D.C. to take a position as HSBC's Vice President of Embassy Banking and Business Development. Id. ¶ 7. Ms. Ames alleges in her complaint that HSBC offered certain incentive commissions, bonuses, and other performance-based awards to "induce her to continue her work relationship with the Bank." Id. ¶ 8. Ms. Ames further alleges that "to induce her to continue her work relationship with the Bank, HSBC offered Ms. Ames approximately 5,000 stock options to purchase the Bank's stock pursuant to its stock option plan." Id. ¶ 9. After several disagreements over alleged "managerial and operational problems" in the Washington, D.C. branch, Ms. Ames was terminated. Id. ¶¶ 12 & 29.Plaintiff alleges that she was not paid commissions or bonuses for the third (Q3) and fourth quarter (Q4) of 2004, and was forced to forfeit approximately 5,000 unexercised stock options. See Compl. ¶¶ 29-30. Ms. Ames proffers that HSBC's actions constitute a breach of an express contract, or in the alternative, breach of an implied contract, and a breach of an implied covenant of good faith and fair dealing. See Compl. at 6-7.

A Rule 12(b)(6) motion is intended to test the legal sufficiency of the complaint; dismissal in inappropriate unless "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Browning v. Clinton, 292 F.3d 235, 242 (D.C.Cir.2002) (citing Conley v. Gibson, 355 U.S. 41, 45-6 (1957)); Kingman Park Civic Assoc. v. Williams, 348 F.3d 1033, 1040 (D.C.Cir.2003). The complaint need only set forth a short and plain statement of the claim, thereby giving the defendant fair notice of the claim and the grounds upon which it rests. Conley, 355 U.S. at 47. The court must accept as true all allegations of fact set forth in the plaintiff's complaint, construe the complaint in the light most favorable to the plaintiff, and determine whether under any reasonable reading of the pleading, the plaintiff may be entitled to relief. Browning, 292 F.3d at 242;Holy Land Found. for Relief v. Ashcroft, 333 F.3d 156, 165 (D.C.Cir.2003); In re United Mine Workers of Am. Employee Ben. Plans Litig., 854 F.Supp. 914, 915 (D.D.C.1994). At the Rule 12(b)(6) stage, the court does not assess "the truth of what is asserted or determin[e] whether a

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                    Page 2
Slip Copy, 2007 WL 1404443 (D.D.C.)
**(Cite as: Slip Copy)**

plaintiff has any evidence to back up what is the complaint."*ACLU Found. of S. Cal. v. Barr, 952 F.2d 457, 467 (D.C.Cir.1991)*.

*2 Ms. Ames has alleged the existence and breach of an express contract, or in the alternative, an implied contract. An express contract is a contract in which the terms are stated either orally or in writing. An implied contract is a contract in which the terms of the parties' agreement are inferred from the circumstances of conduct of the parties, even though the terms of the contract are not expressed in words. *See Brown v. Brown, 524 A.2d 1184, 188 n. 5 (D.C.1987); see also Riggs v. Aetna Ins. Co., 454 A.2d 818, 821 (D.C.1983)*. As observed by both parties "express and implied contracts have essentially the same elements, the difference between them merely being how each is proved."*Robinson v. Nussbaum, 11 F.Supp.2d 10, 15 (D.D.C.1997)*. In her complaint, Ms. Ames alleges that the Bank breached express or implied contractual obligations owed her when it failed to compensate her as it promised, and that as a result she suffered damages of approximately $100,000. *See* Compl. ¶¶ 31-36.

Ms. Ames also has alleged a breach of the implied covenant of good faith and fair dealing. It is settled in the District of Columbia that there is an implied duty of good faith and fair dealing in every contract that requires every party to a contract to do nothing "which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract."*See Paul v. Howard Univ., 754 A.2d 297, 310 (D.C.2000); Hais v. Smith, 547 A.2d 986, 987 (D.C.1988)*. Ms. Ames claims that the Bank breached its obligation of good faith and fair dealing when it refused to pay her the commissions, bonuses and other benefits earned while still an employee of the Bank. *See* Compl. ¶¶ 37-40.

In its motion to dismiss and reply memorandum, the Bank asserts that Ms. Ames was an "at-will" employee of HSBC, and that her complaint fails to identify a single term of the express or implied contract purportedly existing between her and HSBC. *See* Def.'s Mot. to Dismiss at 3; Def's Reply at 1.

The Bank further argues that, "Because there is no contract between Plaintiff and HSBC, [Plaintiff's] claim for a breach of an implied covenant of good faith and fair dealing must also fail."*See* Def.'s Reply at 2; *see also* Def.'s Mot. to Dismiss at 4-5.

Under District of Columbia law, "the mutual promise to employ and serve creates a contract terminable at will by either party."*Bell v. Ivory, 966 F.Supp. 23, 29 (D.D.C.1997)*. Both employer and employee may terminate an at-will employment relationship for any reason or no reason at all. *See Wemhoff v. Investors Mgmt. Corp., 528 A.2d 1205, 1208 n. 3* (citing *Taylor v. Greenway Rest., Inc., 173 A.2d 211 (D.C.Mun.App.1961)*). At-will employment should not be viewed as the absence of contract, but as a species of contract, a principle well settled in the District of Columbia. *See Daisley v. Riggs Bank, N.A., 372 F.Supp.2d 61, 67 (D.D.C.2005)* (citing *Sheppard v. Dickstein, Shapiro, Morin and Oshinsky, 59 F.Supp.2d 27, 32 (D.D.C.1999)); Rinck v. Ass'n of Reserve City Bankers, 676 A.2d 12, 15 (D.C.1996)*. Termination of employment does not breach an at-will employment contract because by its very terms the agreement contemplates that either party may end the employment relationship without cause. *See Frazier v. Univ. of District of Columbia, 742 F.Supp. 28, 29 (D.D.C.1990)*.

*3 HSBC argues that because Ms. Ames is a former at-will employee of the Bank, there was never a contract existing between them, and because there was no contract, Ms. Ames's claims for breach of contract (express and implied), as well as the claim for breach of the covenant of good faith and fair dealing must fail. *See* Def.'s Reply at 2-4. Ms. Ames has not plead facts that would show that both parties intended to alter the presumption of at-will employment, so she has no remedy in contract for her termination. *See Daisley,* 372 F.Supp. at 70.[FN1]Notwithstanding an "at-will employment agreement, an employee and employer may still contract regarding other terms, such as bonuses or stock options."*Id.* at 70-71.Courts have found that an employee's at-will status does not prevent him or her from recovering for compensation owed for

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

work performed during his or her period of employment. *Id.* (citing *Smith v. Chase Group, Inc.*, 354 F.3d 801, 807 (8th Cir.2004) (finding an oral contract for compensation between an employer and an at-will employee "sufficiently definite and certain" to create obligation on behalf of the employer)); *Livernois v. Med. Disposables, Inc.*, 837 F.2d 1018, 1023 (11th Cir.1998) (an at-will employee may sue for any compensation that is due him under an oral contract, based on services actually performed by him up to the time of discharge).

> FN1. The District of Columbia courts recognize a "very narrow exception to the at-will doctrine in holding that an employer engages in tortious conduct when it fires an at-will employee for that employee's refusal to break the law at the employer's direction ."*Adams v. George W. Cochran & Co.*, 597 A.2d 28, 34, 29 (D.C.1991). In addition, at-will employees may not be terminated for illegally discriminatory reasons, such as race or gender. *Alexis v. District of Columbia*, 44 F.Supp.2d 331, 348 (D.D.C.1999). Ms. Ames does not contend that HSBC terminated her for her refusal to break the law. Nor does she claim that she was discharged for discriminatory reasons.

Ms. Ames alleges that HSBC asked her to transfer to the D.C. Office to become Vice President of Embassy Banking and Business Development, and in doing so, promised that she would be paid certain incentive commissions, bonuses, and other awards based on the performance of agreed-upon merits. *See* Compl. ¶¶ 7-8. In addition, HSBC offered Ms. Ames stock options. *Id.* ¶ 9. She alleges that she was fired, and that HSBC "refused to honor its prior contractual commitment to pay Plaintiff: (a) earned commissions and bonuses earned for the third quarter (Q3) of 2004 ($35,000) and the fourth quarter (Q4) of 2004 ($35,000), and (b) $30,000 in a bonus vacation to South Africa-for a total of approximately $100,000."*Id.* ¶ 29.In support of her claim for breach of the implied covenant of good faith and fair dealing, Plaintiff says that she "made repeated demands for HSBC to honor its contractual obligations, but her efforts were consistently rebuffed."*Id.* at 37.

Because at-will employment does not prevent an employee from bringing suit for any compensation that is due her based on services actually performed up to the time discharge, Ms. Ames has properly plead a cause of action for breach of an express or implied contract, and a resulting breach of the duty of good faith and fair dealing. Construing the facts in the light most favorable to the Plaintiff, the complaint alleges that HSBC made an offer to Ms. Ames which included various enhanced incentives in consideration for her move to the District of Columbia and assumption of the responsibilities of a vice president. Ms. Ames accepted this offer and became the Vice President of Embassy Banking and Business development. She was later terminated. Plaintiff maintains that HSBC's refusal to tender compensation for services already performed in accord with Defendant's initial offer was a breach. As a result of the breach, she claims damages of approximately $100,000. This is an appropriate formulation of a claim for breach of contract. *See Park v. Arnott*, 1992 WL 184521, *4 (D.D.C. July 14, 1992) ("To state a claim for breach of contract, a complaint must allege that a contract existed, that plaintiff performed its contractual obligations, that defendant breached the contract, and that plaintiff suffered damages due to the breach."). This Court finds that Ms. Ames's claims for breach of contract and breach of the implied duty of good faith and fair dealing survive the Bank's motion to dismiss.

*4 For the reasons set forth above, this Court finds that Plaintiff's complaint is sufficient pursuant to Federal Rule of Civil Procedure 8(a). Defendant's Motion to Dismiss [Dkt. # 3] will be denied. A separate Order accompanies this Memorandum Opinion

D.D.C.,2007.
Ames v. HSBC Bank USA, N.A.
Slip Copy, 2007 WL 1404443 (D.D.C.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**Westlaw Download Summary Report for WILKINSON,J NELS 6220577**

| | |
|---|---|
| Date/Time of Request: | Thursday, October 18, 2007 08:51:00 Central |
| Client Identifier: | 050316.0001 |
| Database: | DCT |
| Citation Text: | Slip Copy |
| Lines: | 202 |
| Documents: | 1 |
| Images: | 0 |

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson, West and their affiliates.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DON HAMRICK** )<br>)<br>  **Plaintiff** )<br>)<br>v. )<br>)<br>**DR. RICHARD S. HOFFMAN, M.D.,** )<br>*et al.* )<br>)<br>  **Defendants** ) | Case No.: 1:07-cv-01726 |

## ORDER

UPON CONSIDERATION of Defendant Crowley Maritime Corp.'s ("Crowley") Motion to Dismiss, and any opposition thereto, it is hereby

ORDERED that Crowley's Motion to Dismiss is hereby GRANTED, and that Plaintiff's Complaint shall be, and hereby is, DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Entered this ____ day of _____, 2007.

_____
United States District Court Judge

2

COPIES TO:

Karen A. Doner (Bar No. 158626)
WILLIAMS MULLEN, A Professional Corp.
8270 Greensboro Drive, Suite 700
McLean, VA  22102
(703) 760-5238
(703) 748-0244 (Fax)
kdoner@williamsmullen.com
Counsel for Crowley Maritime Corp.


Don Hamrick
5860 Wilburn Road
Wilburn, AR  72179
*Pro Se* Plaintiff