UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DON HAMRICK,

     Plaintiff,

v.                                 C. A. No. 1:07-01726 (RMC)

RICHARD S. HOFFMAN, et al.,

     Defendants.

_____/

REPLY OF SEAFARERS INTERNATIONAL UNION
TO PLAINTIFF'S OPPOSITION TO THE UNION'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant Seafarers International Union ("SIU" or "the Union") responds

herewith to Plaintiff's opposition to the Union's motion to dismiss or, in the alternative,

for summary judgment. The other two defendants, Dr. Richard S. Hoffman and Crowley

Maritime, have also filed dispositive motions.

Plaintiff's massive opposition, lacking in page numbers, fails to respond to SIU's

statement of material facts as required by Local Civil Rule 7(h). See also, Fed. R. Civ. P.

56; *Burke v. Gould*, 286 F.3d 513, 519 (D.C. Cir. 2002). The Court "is under no

obligation to sift through [his allegations]," and should instead deem SIU's facts as

admitted. See, *SEC v. Banner Fund Int'l*, 211 F.3d 602, 612 (D.C. Cir. 2001). In

addition, even taking his allegations as true, Plaintiff's opposition fails to set forth any

facts to support claims against the Union that would entitle him to relief under Fed. R.

Civ. P. 12(b)(6) and *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). To the extent

Plaintiff's opposition mentions the Union, he argues that the Union "should step up to the

plate in defense of seamen's rights in the judicial arena." Exhibit 1 (excerpt from

Plaintiff's opposition). This allegation fails to state a claim. And finally, the record,

1

including SIU's statement of facts as well as the complaint and Plaintiff's exhibits

thereto, demonstrates that as a matter of law, Plaintiff has no claim against SIU for

breach of the duty of fair representation.

Under these circumstances, and for the reasons stated in SIU's motion, the Court

should dismiss Plaintiff's complaint forthwith and in its entirety.

Respectfully submitted,

Barbara Kraft  D. C. Bar. No. 358563
Kraft Eisenmann Alden, PLLC
1001 Pennsylvania Ave., NW  Suite 600
Washington, DC  20004
(202) 783-1391
Fax (202) 783-1392
bkraft@kea-law.com

November 7, 2007

All three Defendants have filed their Motion to Dismiss. I oppose their Motions to Dismiss.

The method in which a Motion to Dismiss converting to a Rule 56 Summary Judgment while the allegations in a Complaint are taken to be true then why does a Plaintiff (the adverse party have to set forth specific facts showing that there is a genuine issue for trial. Wouldn't the Complaint itself have already established the genuine issues of material fact for trial?

First, I will take the most flagrant misstatement or error of fact made by the Seafarers International Union. On page 4, second paragraph, item (3) states:

> (3) that plaintiff is "employing the Citizen's Arrest Warrant" as a means of forcing the Union to file an *Amicus Curiae* brief in support of his Second Amendment lawsuit seeking the right of seamen to bear arms.

Nothing can be farther from the truth. The truth of the matter is, as Judge Rosemary M. Collyer knows full well because she is also presiding over my Second Amendment case (No. 07-1616), rather unfairly I might add, that I am employing the Citizen's Arrest Warrant because the DC Circuit, the U.S. Supreme Court, and the U.S. District Court in Little Rock, Arkansas committed **EXTORTION UNDER COLOR OF LAW**, (18 U.S.C. § 872) of filing fees from me, a seaman in violation of the **SEAMEN'S SUIT LAW** (28 U.S.C. § 1916).

I am NOT forcing the Seafarers International Union to file Amicus Curiae briefs by employing the Citizen's Arrest Warrant! That claim is so ludicrous that I believe the Seafarers International Union is attempting to prejudicially influence the Court against my claims with deliberate fabrications and distortions of the facts.

The intent and purpose of notifying the Seafarers International Union of my activities with the Citizen's Arrest Warrant is the same intent and purpose of advising the union of all my other pleadings, motions, judicial notices and presumptions that I have filed with the Courts these past 5 years. I was presenting legal arguments on why the union should step up to the plate in defense of seamen's rights in the judicial arena as the do in the contracts arena with shipping companies. To date the union has not lifted a single finger to defend my rights in the federal courts.

I have had to stand my ground on my own to defend my rights against hostile federal judges simply because I cannot afford an attorney. The act of advising the union of the activities relating to the Citizen's Arrest Warrant was NOT to demand union involvement as a goal but to advise the union my activities relating to the Citizen's Arrest Warrant is either a direct or contributory consequence of their refusal to assist or intervene. And it is my claim that the federal judges took notice of the absence of support from the union, in addition to the absence of support from the National Rifle Association (NRA) any other Second Amendment advocacy group and took advantage of my lone standing on the issues of material fact to dismiss my cases with unlawful prejudice.

I sincerely believe that it does not matter how well I prepare this Objection to Defendants' Motion to Dismiss because certain defendants against an unrepresented civil plaintiff must always win as noted in the *COMMENTS ON THE NINTH CIRCUIT PRO SE TASK FORCE REPORT* on pages 31-32. My best hope is to show how corrupt the federal court is so that Judge Rosemary M. Collyer will be more judicially protective of my rights. But will she?