**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DON HAMRICK )<br>)<br>       **Plaintiff** )<br>)<br>v. )<br>)<br>DR. RICHARD S. HOFFMAN, M.D., )<br>*et al.* )<br>)<br>       **Defendants** ) | Case No.: 1:07-cv-01726 |

**DEFENDANT CROWLEY MARITIME CORP.'S REPLY TO PLAINTIFF'S**
**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

    Defendant Crowley Maritime Corp. ("Crowley" or "Defendant"), by counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby replies to the "Objection" filed by Plaintiff Don Hamrick ("Plaintiff") in response to Defendant's Motion to Dismiss, and in support thereof, states as follows:

    In response to the Motions to Dismiss filed by each of the three Defendants, Plaintiff has filed a 165-page document titled "Plaintiff's Objection to Defendants' Motion to Dismiss", Appendix A of which is his purported Petition to the U.S. Supreme Court For Writ of Certiorari labeled "FIGHTING FOR MY SEVENTH AMENDMENT RIGHT TO A CIVIL JURY TRIAL". Despite the length of Plaintiff's Objection, only one page, page 16, refers substantively to the present case and Defendants' Motions to Dismiss.[1]

    Plaintiff in his Objection states in pertinent part as follows:

> The lawsuit resulted from a breach of contract by the shipping company (Crowley). Crowley waived the pre-employment physical to get be aboard [*sic*] a container ship. But because I had been at the union clinic just long enough to be my [*sic*] high blood pressure taken and discovered before the pre-employment physical was canceled the clinic

---

[1] On page 16, Plaintiff refers to the present action as being "dismissed without prejudiced but ORDERED to file an Amended Complaint". Defendant is wholly unaware of any such dismissal and/or court order, which appear to be misstatements.

notified the shipping company one hour after the ship left for Europe with me on the ship. Crowley revoked the waiver and imposed blood pressure checks. I refused the blood pressure checks and light-duty status on the basis of breach of contract. The Master eventually threatened me with a logging which would involve the U.S. Coast Guard…My employment was terminated on not fit for duty status and I was flown back to the United States from Europe.

Plaintiff has failed to meet his burden of alleging facts, which if proven true, would support a claim against Crowley.

A claim must be dismissed on 12(b)(6) motion if the facts, as alleged, cannot establish the elements of the claim. The D.C. Circuit Court of Appeals has declared that, under 12(b)(6), it will dismiss any complaint if there is no legally cognizable claim under "any set of facts consistent with the allegations." Broudy v. Mather. 46 F.3d 106, 116-17 (D.C. Cir. 2006). In reaching this determination, the court will consider (A) the elements of the claims raised and (B) whether the allegations can support any set of facts that would prove those elements. Id.

Furthermore, while the court will construe facts in the light most favorable to the plaintiff, it need not accept inferences unsupported by the facts, and will not simply accept the plaintiff's legal conclusions on the allegations. Taylor v. F.D.I.C, 132 F.3d 753 (D.C. Cir. 1997) ("Courts accept plaintiffs' allegations of fact, not their conclusions of law"). Thus, a complaint cannot survive as 12(b)(6) motion merely because it asserts that some action gives rise to a claim.

Claims will be dismissed if the plaintiff's position is clear, and clearly fails to allege facts that would establish elements of the claim. McManus v. Brooks 2000 WL 1093069 (DC Cir. 2000) (dismissing under 12(b)(6) where the parties positions were "clear" and where the complaint did not allege facts pertinent to required elements of Title VII and 14th Amendment claims) Cf. Croixland Properties Ltd. Partnership v. Corcoran, 174 F.3d 213 (D.C. Cir. 1999) (on 12(b)(6) motion, examining the alleged facts in relation to each element of defamation claim).

Plaintiff has failed to articulate any facts which establish an enforceable contract between him and Crowley. Likewise, Plaintiff has failed to allege any facts to support a violation of a clearly mandated public policy sufficient to establish a wrongful termination claim. Accordingly, his Complaint against Crowley should be dismissed.

III. CONCLUSION

WHEREFORE, Crowley respectfully requests that the Complaint be dismissed in its entirety, and for such other and further relief that this Court deems proper.

Respectfully Submitted,

_____/s/_____
Karen A. Doner (Bar No. 158626)
WILLIAMS MULLEN, A Professional Corp.
8270 Greensboro Drive, Suite 700
McLean, VA  22102
(703) 760-5238
(703) 748-0244 (Fax)
Counsel for Crowley Maritime Corp.

4

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 9th day of November, 2007, a copy of the foregoing was sent via e-filing, electronic mail, and first-class mail postage prepaid, to:

> Don Hamrick
> 5860 Wilburn Road
> Wilburn, AR 72179
> *Pro Se* Plaintiff
> 4donhamrick@gmail.com

_____/s/_____
Karen A. Doner

1515938v3

4