## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

| | |
|---|---|
| **Don Hamrick,** : | |
| : | |
| **Plaintiff** : | |
| : | Civil Action No. CA -07-01726 |
| v. : | Judge Rosemary M. Collyer |
| : | |
| **Richard S. Hoffman, M.D., et al.** : | |
| : | |
| **Defendants.** : | |

### DEFENDANT RICHARD S. HOFFMAN, M.D.'S REPLY TO PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO DISMISS

COMES NOW defendant Richard S. Hoffman, M.D. ("Dr. Hoffman"), by counsel, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, and submits this Reply to Plaintiff's Objection to Defendant's Motion to Dismiss, pursuant to Rules 8(a), 12(b)(1) and 12(b)(2) of Federal Rules of Civil Procedure, and states as follows:

1.   Plaintiff Don Hamrick (hereinafter "Plaintiff") filed the Complaint[1] in this action in the District Court of the District of Columbia on September 26, 2007. The Complaint names three defendants, Richard S. Hoffman, M.D., Crowley Maritime Corporation and Seafarers International Union.

2.   Dr. Hoffman filed a Motion to Dismiss Plaintiff's Complaint on October 19, 2007. Each of the other named defendants filed dispositive motions to Plaintiff's Complaint. Due to Plaintiff's status as a pro se litigant, an Order was filed by this Court advising Plaintiff of

---

[1] The points and authorities in Dr. Hoffman's Motion to Dismiss were responsive to the Complaint with which he was served. After filing his Motion, it came to this Defendant's attention that he was served with an incomplete copy of the Complaint. Dr. Hoffman received the summons and approximately 10 pages of the Complaint that Plaintiff filed with the Court. All averments of jurisdiction and demands for relief were absent from the copy of the Complaint served on Dr. Hoffman as noted in Memorandum of Points and Authorities in Support of Defendant Richard S. Hoffman, M.D.'s Motion to Dismiss Plaintiff's Complaint at section II, ¶ A. Nevertheless, Plaintiff fails to offer any cogent allegation of personal and subject matter jurisdiction. Consequently, the grounds set forth in his Motion to Dismiss for the dismissal of Plaintiff's claims against him are unchanged and are not contradicted by Plaintiff in his complete Complaint filed with the Court or the Objection to the Motion to Dismiss.

280170.1

his responsibilities in responding to dispositive motions and the consequences of inaction.[2] *See* Fox/Neal Order.

3.      Plaintiff responded to all three dispositive motions in a single, yet substantial, "Objection to Defendants' Motion to Dismiss" (hereinafter referred to as "Objection"). Despite the voluminous nature of Plaintiff's submission, Defendant has identified only two statements either referencing this cause of action. *See* Objection at 13 (unnumbered); *see also* Objection, Appendix A at 16.

4.      With regard to Plaintiff's claims against Dr. Hoffman, the body of substantive opposition is comprised of the statement, "[a]ll three Defendants have filed their Motion [sic] to Dismiss. I oppose their Motions to Dismiss." Objection at 13. However, Plaintiff fails to offer any grounds for his "objection" to Dr. Hoffman's Motion or address the points and authorities set forth therein.

5.      Plaintiff also mentions that "because [he] had been at the union clinic just long enough to be [sic] my high blood pressure taken and discovered before the pre-employment physical exam was canceled[,] the clinic notified the shipping company one hour after the ship left for Europe with me on the ship." Objection, Appendix A at 16. Plaintiff's above statement of fact does not support or even allege any claim of wrongdoing on the part of Dr. Hoffman.

6.      Moreover, neither statement in the Objection alluding to the instant matter addresses the infirmities of Plaintiff's causes of action against Dr. Hoffman, as highlighted by Dr. Hoffman's Motion to Dismiss. Notwithstanding the lack of substantive merit to Plaintiff's

---

[2] In Appendix A of Plaintiff's Objection, he asserts that the District Court for the District of Columbia ordered that this cause of action be dismissed without prejudice and further ordered that Plaintiff file an Amended Complaint. *Id.* at 16. Dr. Hoffman is unaware of such an Order or the filing of an Amended Complaint and therefore presumes that these are misstatements of fact.

claims, these threshold defects to Plaintiff's claims permit dismissal of all claims against Dr. Hoffman.

7. In accordance with his Motion to Dismiss, Dr. Hoffman maintains that Plaintiff's claims against him may be properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1). In his Complaint, Plaintiff asserts jurisdiction under 28 U.S.C. § 1331 allowing the Court to decide cases or controversies that arise under a law of the United States. The entirety of Plaintiff's jurisdictional averment is comprised of statutes speaking to labor disputes and labor organizations which have no applicability to Dr. Hoffman.

8. Should the Court liberally construe Plaintiff's inclusion of Health Insurance Portability and Accountability Act of 1996 ("HIPAA") materials to be an additional averment of federal question jurisdiction, Plaintiff's claims against Dr. Hoffman would still be inappropriately before this Court because no private cause of action exists under this statute. *See* 42 U.S.C. §§ 1320d to 1320d-8 (2007). Enforcement of HIPAA provisions is limited to actions by the Secretary of Health and Human Services, thereby precluding a private right of action. *See Johnson v. Quander*, 370 F.Supp.2d 79, 100 (D.D.C. 2005), aff'd by *Johnson v. Quander*, No. 05-5156, 2006 U.S. App. LEXIS 6601 (D.C. Cir. March 17, 2006)(holding that plaintiff's claims were dismissed for lack of subject matter jurisdiction in an action instituted by an individual because no private right of action exists under HIPAA). As no private right of action exists under HIPAA, the Court does not have subject matter jurisdiction in the case at hand and Plaintiff's Complaint must be dismissed pursuant to Rule 12(b)(1). *Id.*

9. In addition to the lack of subject matter jurisdiction, this Court may not properly exercise personal jurisdiction over Dr. Hoffman.

10. As a threshold matter, Plaintiff fails to plead the facts that would permit the court to exercise personal jurisdiction over Dr. Hoffman as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure. He also fails to remedy this deficiency in his Objection. The facial insufficiency of Plaintiff's Complaint alone permits dismissal of all claims against Dr. Hoffman. Fed. R. Civ. P. 8(a) (2007); *Grumbkow v. Bush*, No.06-1013(RWR), 2006 U.S. Dist. LEXIS 82755 at *2 (D.D.C. November 14, 2006) (memorandum opinion).

11. Dismissal of Plaintiff's causes of action against Dr. Hoffman is also proper under Rule 12(b)(2) as no basis for asserting personal jurisdiction over Defendant exists. Federal courts in this jurisdiction look to the law of the forum to determine the propriety of personal jurisdiction over a defendant. *The Herero People's Reparations Corp.*, 2003 U.S. Dist. LEXIS 27086 at *22. Under District of Columbia law, Plaintiff bears the burden of asserting facts sufficient to create a basis for personal jurisdiction. *Schutter v. Herskowitz*, No. 06-1846(RMC), 2007 U.S. Dist. LEXIS 48152 at *4 (D.D.C. July 5, 2007) (citation omitted). As noted above, Plaintiff offers none. Defendant respectfully submits that is because no basis for the assertion of personal jurisdiction exists. Dr. Hoffman has no contact, either personal or professional, with the District of Columbia and no portion of the events from which this cause of action arose took place in the District of Columbia. *See* Declaration of Richard S. Hoffman, M.D., attached to Motion to Dismiss. As such, neither general jurisdiction nor specific jurisdiction under the District of Columbia's long-arm statute is proper in this case. *See Savage v. Bioport, Inc.,* 460 F.Supp.2d 55, 58 (D.D.C. 2006); *see also* D.C. Code § 13-423 (2007). Therefore, dismissal of Plaintiff's claims against Dr. Hoffman is warranted under Rule 12(b)(2).

In addition to the facts and law set forth above, Dr. Hoffman respectfully refers this Court to the Memorandum of Points and Authorities submitted in support of Defendant Richard S.

Hoffman, M.D.'s Motion to Dismiss Plaintiff's Complaint for a full discussion of the grounds which permit dismissal of Plaintiff's claims against Dr. Hoffman.

**WHEREFORE**, Dr. Hoffman respectfully requests that this Court grant his Motion To Dismiss Plaintiff's Complaint and enter an Order dismissing any and all claims with prejudice.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By:  /s/ Kathleen H. Warin
Robert W. Goodson, # 935239
Kathleen H. Warin #492519
1341 G Street, N.W.
Suite 500
Washington, D.C.  20005
(202) 626-7660
(202) 628-3606 (facsimile)
Robert.Goodson@wilsonelser.com
Kathleen.Warin@wilsonelser.com
*Counsel for Defendant*
*Richard S. Hoffman, M.D.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Defendant Richard S. Hoffman, M.D.'s Reply to Plaintiff's Objection to Defendant's Motion to Dismiss in support thereof was served, via electronic filing, this 13th day of November, 2007, to:

> Don Hamrick
> 5860 Wilburn Road
> Wilburn, Arkansas  72179
> (by First Class Mail pursuant to Local Rule 5(e)(3))
>
> Karen A. Doner
> Williams Mullen, P.C.
> 8270 Greensboro Drive
> Suite 700
> McLean, VA 22102
> *Attorney for Defendant*
> *Crowley Maritime Corp.*
>
> Barbara Kraft
> Kraft Eisenmann Alden, PLLC
> 1001 Pennsylvania Ave, N.W.
> Suite 600
> Washington, D.C.  20004
> *Attorney for Defendant*
> *Seafarers International Union*

/s/ Kathleen H. Warin
Kathleen H. Warin
